AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| Contents of KuCoin Account # 147634603, in the | ) |
| identifier Karmaflix7@gmail.com | ) |
| | ) |

Case No.  7:22-cr-888-JDA

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of

____South Carolina____ is subject to forfeiture to the United States of America under ____18____ U.S.C. §

___981(a)(1)(A)___ *(describe the property)*:

See attached affidavit.

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

USSS S/A Joseph Lea
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _Oct 26, 2022_

_____
*Judge's signature*

City and state:  Greenville, SC

U.S. Magistrate Judge Jacquelyn D. Austin
*Printed name and title*

# AFFIDAVIT

I, JOSEPH J. LEA, being duly sworn, declare and state as follows:

## I.    INTRODUCTION

1.    I am a Special Agent ("SA") with United States Secret Service ("USSS"), and have been so employed since August 2009.  I am currently assigned to the Greenville Residence Office and primarily investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud and money laundering.  Prior to becoming an SA with USSS, I was employed as police officer and detective since 2004, where I conducted numerous investigations of fraud schemes.  I have received both formal and informal training from USSS and other institutions regarding cyber- and financial-related investigations, digital currencies and computer forensics.

## II.    PURPOSE OF AFFIDAVIT

2.    This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):

a.    Any and all Ethereum digital currency ("ETH") held in a custodial wallet under the control of KuCoin, identified by account number 147634603 (the "Subject Account"), and under an unknown name but with the provided email of Karmaflix7@gmail.com ("KARMA"). KARMA is a resident of India. That Subject Account contains the Suspect Wallet address 0x9f1335ab2eaeeb40a2b8eaaa57ef573a3edd561a, in which Ethereum was sent and received. The current estimated value of the account is $1,559.26 USD.

3.    As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one of more violations of 18 U.S.C. §§ 1343 (Wire Fraud), 1956 (Money

1  Laundering), 1957 (Monetary Transactions in Criminally Derived

2  Property), or a conspiracy to commit the same, (the "Subject

3  Offenses"), committed by KARMA and other unknown co-conspirators (the

4  "Subjects"), and are therefore subject to seizure pursuant to 18

5  U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A)

6  & (C).

7      4.  In addition, there is probable cause to believe that the

8  Subject Funds are subject to seizure and forfeiture to the United

9  States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(f) because the

10  property would, in the event of conviction on the alleged underlying

11  offenses, be subject to forfeiture, and an order under section 21

12  U.S.C. § 853(e) would not be sufficient to assure the availability of

13  the property for forfeiture.

14      5.  The facts set forth in this affidavit are based upon my

15  personal observations, my training and experience, and information

16  obtained from various law enforcement personnel and witnesses.  This

17  affidavit is intended to show merely that there is sufficient

18  probable cause for the requested warrants and does not purport to set

19  forth all of my knowledge of, or investigation into, this matter.

20      6.  Unless specifically indicated otherwise, all conversations

21  and statements described in this affidavit are related in substance

22  and in part only, and all dates and amounts are approximations.

23                     III.  **SUMMARY OF PROBABLE CAUSE**

24      7.  USSS and local law enforcement agencies are investigating a

25  transnational criminal compromising victim's accounts and debit card

26  information.  In brief summary, the victim's account would be

27  compromised and without their knowledge or consent, the debit card

28  number linked to their bank account would be used to make purchases

2

1   online. In this case, the victim funds were used to purchase Ethereum

2   (ETH) on a platform called Send Wyre. Send Wyre allows individuals to

3   use their credit / debit cards to purchase cryptocurrency and send it

4   at any address without the need of maintaining their own

5   cryptocurrency wallet. From there, the funds were immediately

6   forwarded to the suspects wallets.

7        8.   As set forth below, the Subject Account was used by the

8   suspect to receive and launder proceeds of the above-described

9   scheme.  Where the Subject Funds cannot be directly traceable to the

10  victim discussed in this affidavit, they are laundered or derivative

11  property found in the subject account as the digital purchased with

12  the victim's funds in this scheme.  Finally, investigating agents

13  believe that the Subject Account was created and used primarily for

14  the purpose of laundering scheme proceeds, including outside of the

15  United States.   Therefore, there is probable cause to believe that

16  the Subject Funds are subject to seizure and forfeiture by the United

17  States.

18                    IV.   STATEMENT OF PROBABLE CAUSE

19       9.   Based on witness interviews, documents obtained from third

20  parties, reports of interviews conducted by other law enforcement

21  officers, conversations with other law enforcement officers, and

22  publicly filed documents, I know the following:

23       A.   Background on Digital Currency

24       10.  Digital currency (also known as virtual currency or

25  cryptocurrency)[1] is generally defined as an electronic-sourced unit

26

27  _____

28       [1] For purposes of this affidavit, the terms "digital currency,"
    "cryptocurrency," and "virtual currency" are used interchangeably and
    address the same concept.

                                      3

of value that can be used as a substitute for fiat currency (*i.e.*, currency created and regulated by a government).  Digital currencies exhibit properties similar to other currencies, but do not have a physical form, existing entirely on the internet.  Digital currency is not issued by any government or bank (in contrast with fiat or conventional currencies) and is instead generated and controlled through computer software operating on a decentralized peer-to-peer network, often referred to as the blockchain or public ledger. Digital currency is legal in the United States and accepted for legitimate financial transactions.  However, digital currency is often used for conducting illegal transactions or for concealing or disguising the true nature, source, location, ownership or control of illegally obtained proceeds.  Ethereum ("ETH") is one of the most commonly used and well-known digital currencies.

11.  A digital currency exchange (an "exchange") is a business that allows customers to trade digital currencies for other digital or fiat currencies.  An exchange can be a brick and mortar business, or strictly an online business.  Both brick and mortar and online exchanges accept a wide variety of digital currencies, and exchange them for fiat and traditional payment methods, other digital currencies, or transfers between digital currency owners.  Most exchanges are located outside the boundaries of the United States in order to avoid regulation and legal requirements, but some popular exchanges operate inside the jurisdiction of the United States. KuCoin is an example of a popular online exchange that is located outside of the United States but cooperates with and accepts legal process from American law enforcement agencies.

4

12.    A wallet is a means of storing digital currency identified by unique electronic addresses that allows an individual to conduct transactions on the public ledger.  To access a wallet on the public ledger, an individual must use a public address (or "public key") and a private address (or "private key").  The public address can be analogized to an account number while the private address is similar to a password used to access that account.  Even though the public address of those engaging in digital currency transactions are recorded on the public ledger, the true identities of the individuals or entities behind the public address are not recorded.  If a real individual or entity is linked to a public address, however, it may be possible to determine what transactions were conducted by that individual or entity.  Therefore, digital transactions are often described as "pseudonymous," meaning they are partially anonymous. Most individuals are identified when they use a digital currency exchanger to make a transaction between digital currency and fiat, or through digital currency exchangers that voluntarily or through legal order, cooperate with law enforcement.

**B.    Background on access device fraud relating to cryptocurrency**

13.    What is common across many access device fraud scams in relation to cryptocurrency is the use of credit / debit information to make purchases on-line through companies who specialize in conversion of FIAT currency to various forms of cryptocurrency. This immediate conversion is the first step in the scheme to attempt to conceal the source of the illicit funds. From there, in an attempt to conceal the ownership of the illicit funds, the cryptocurrency is

1  immediately transferred to one or to many accounts held overseas and

2  often by those providing little to no identifying information.

3          **C.    Victim T.H. Loses Digital Currency in the Scam**

4          14.    Based on conversations, emails and reports filed by T.H., I

5  learned the following:

6          a.    On or about September 25, 2022, T.H. resident of

7  Inman, S.C. checked her email and noticed four unusual emails related

8  to purported purchases made with her debit card at Sendwyre.com. Upon

9  reviewing her bank account information online, it was confirmed that

10  the associated bank account had four unauthorized charges ($104.15,

11  $309.35, 309.35, and 309.31) to Sendwyre.com on September 24, 2022.

12  T.H. immediately contacted the bank and law enforcement to report the

13  fraud.

14          b.    A review of the transaction confirmation emails sent

15  to T.H. from Sendwyre.com indicate that all four of the transactions

16  were sent to the wallet address

17  0xAEEBa5212607b17CE11D53E7CD734EC160dB9cF0. The receipt of the

18  victim's funds, the immediate withdrawal of those funds within ten

19  minutes, and the fact that those are the only lifetime transactions

20  of the wallet are another indicator of a deliberate attempt to

21  obscure the nature, source, and ownership of the illicit funds. The

22  illicit funds were consolidated and immediately sent out to the

23  Suspect Wallet. This wallet address is

24  0x9f1335ab2eaeeb40a2b8eaaa57ef573a3edd561a. This wallet is in the

25  previously identified KuCoin Subject Account number 147634603, and

26  under an unknown name but with the provided email of

27  Karmaflix7@gmail.com.

28

1    15.    I reviewed transaction history for digital currency wallet

2    0x9f1335ab2eaeeb40a2b8eaaa57ef573a3edd561a ("Suspect Wallet") in a

3    commercial blockchain analysis platform. Below is a summary of my

4    review:

5            a.    On September 25, 2022, at 03:44:29 UDT

6    0.72581058300194962 ETH was deposited into the wallet via transaction

7    ID:

8    0xa5dc15d8cfebf5c0f29a9b9b75d53000e0d12af19f092a7cedc6d7de9e123d23@25

9    f82714e87553240d8b03297667d344.    Based on my training, experience and

10   information from the victim, I believe this deposit was from the

11   illicit funds obtained from T.H.

12

13

14

15

16

17

18

19

20

21

22

23



24

25

26   D.    Suspect Wallet / Subject Account

27       16.    On October 13, 2022, I reviewed transaction history in

28   Suspect Wallet provided by the hosting exchange, KuCoin:

1          a.    KuCoin identified Karmaflix7@gmail.com ("KARMA") as

2    the account holder of Suspect Wallet. No other Know Your Customer

3    (KYC) information was gathered or verified by KuCoin.

4          b.    Between March 4, 2022, and October 10, 2022, Suspect

5    Wallet received 2314 deposits totaling approximately $627,900 USD. No

6    data was provided by KuCoin in reference to Peer-to-Peer

7    transactions. It is not known if this exchange tracks these forms of

8    transactions.

9    17.    Based on my training and experience, I believe the Suspect

10   Wallet was used by the Subjects to receive proceeds from victims of

11   wire fraud and to conceal or disguise the nature, the location, the

12   source, the ownership, or the control of the proceeds obtained from

13   the scam.    Therefore, there is probable cause that the Suspect Wallet

14   was used to facilitate the commission of the Subject Offenses,

15   contained proceeds of the Subject Offenses and is therefore subject

16   to seizure and forfeiture.

17   18.    The Subject Account bears numerous red flags for a money

18   laundering facilitation account, namely:

19         a.    The volume of transactions in the Subject Account is

20   highly suspicious, with more than $600,000 thousand in USD equivalent

21   of digital currency moved through the wallet associated with the

22   Subject Account in less than 5 months;

23         b.    The Subject Account does not appear to hold digital

24   currency for long, instead rapidly receiving and then retransmitting

25   digital currency;

26         c.    The Subject Account does not appear to be engaged in

27   any investment activity, as digital currency is rapidly moved in and

28   out;

8

d.    While these amounts might be unsurprising in a commercial or business account, the Subject Account was opened as a personal account with no identified associated business;

e.    No KYC information was provided in opening of the account, and a search of the email address associated with the account do not indicate anything which would justify a personal account receiving and sending these volumes of digital currency; and

19.    Based on my own investigation, records provided by KuCoin, and my training and experience, I believe the Subject Account was used by the Subjects primarily to receive proceeds of transactional fraud scams involving digital currency stolen from victims and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds obtained from the scam. Therefore, there is probable cause the Subject Account was used to facilitate the commission of the Subject Offenses, contains proceeds of the Subject Offenses of ETH (the Subject Funds) are subject to seizure and forfeiture.

## V.    CONCLUSION

20.    Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) (rendering subject to forfeiture any property involved in a violation of 18 U.S.C. §§ 1956/1957), § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1028, 1028A, 1343, 1344), and § 982 (criminal forfeiture).

21.    This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

9

_____
Joseph J. Lea
U.S.S.S. Special Agent

Subscribed to and sworn this 26th
day of  October __, 2022.

_____
THE HONORABLE JACQUELYN D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

10